```
            IN THE UNITED STATES DISTRICT COURT
          FOR THE MIDDLE DISTRICT OF PENNSYLVANIA
```

THE WORLD WIDE STREET             :
PREACHERS' FELLOWSHIP, et al.,    :
       Plaintiffs                :
                                 :
       vs.                       :   CIVIL NO. 1:CV-04-1127
                                 :
                                 :
STEPHEN R. REED, et al.,          :
       Defendants                :

*M E M O R A N D U M*

I.   *Introduction.*

      We are considering Plaintiffs' motion for attorney's fees and costs pursuant to 42 U.S.C. § 1988. Plaintiffs are the World Wide Street Preachers' Fellowship, a ministerial fellowship of Christian street preachers, and James Grove, a street preacher and member of the fellowship. Plaintiffs filed this civil-rights action alleging their First Amendment rights were violated in July 2003 during PrideFest, an annual event held in Riverfront Park, a public park in Harrisburg, Pennsylvania.

      They named as defendants Stephen R. Reed, the Mayor of Harrisburg, in his official capacity; Tina Manoogian-King, Harrisburg's Director of Parks and Recreation, in her official and individual capacities; Thomas Carter, a corporal with the Harrisburg Police Department, in his official and individual

capacities; and Stephanie Barrelet, an officer with the police department, in her official and individual capacities.

A jury awarded Grove $1.00 in nominal damages on his claim, and we granted Plaintiffs declaratory relief on two other claims. Plaintiffs seek $146,832.85 in fees and costs, including the time spent on their attorney's-fees motion. In opposing the amount of the fees, Defendants essentially assert that in having obtained only nominal damages and declaratory relief, rather than the compensatory damages and injunctive relief they sought, Plaintiffs' success on the merits was only de minimis. Hence, we should exercise our discretion to award no fees at all or substantially reduce them.

II.   *Background*.

In pertinent part, the complaint alleged the following. Members of the World Wide Street Preachers' Fellowship preach at events around the country, including Harrisburg's PrideFest. Plaintiff, James Grove, is a street preacher and member of the fellowship. Grove preached at the 2003 PrideFest and was arrested for disorderly conduct and defiant trespass, allegedly for being within a fifty-foot buffer zone surrounding the festival. He was found not guilty of both charges on appeal to the court of common pleas.

Plaintiffs set forth six causes of action, all based on violations of certain guarantees of the First Amendment:

freedom of assembly, of speech, and of the free exercise of religion. The first cause of action was a facial challenge to the buffer zone, the second an as-applied challenge to Pennsylvania's defiant trespass statute, the third an as-applied challenge to the disorderly conduct statute. The last three causes of action challenged the defendants' conduct at PrideFest as direct violations of the First Amendment; the fourth was based on the right to the free exercise of religion, the fifth on the right of assembly, and the sixth on the right of free speech. The prayer for relief sought preliminary and permanent injunctive relief and nominal, compensatory and punitive damages.

     As things turned out, the case was litigated in the following way. Grove tried his claim for damages to a jury on the theory that defendants Manoogian-King, Carter and Barrelet had arrested him for defiant trespass and disorderly conduct to punish him for his First Amendment activities or to deter him from engaging in them. The jury found Carter and Barrelet had violated Grove's First Amendment rights but imposed no liability on Manoogian-King. They also awarded Grove only $1.00 in nominal damages, declining to impose either compensatory or punitive damages on Carter or Barrelet.

     Plaintiffs' claims for permanent injunctive relief were tried to the court. Plaintiffs sought an injunction that would bar the city from enforcing: (1) a fifty-foot buffer zone

around the area for the festival; and (2) the decision of the PrideFest organizers to exclude street preachers from an area that, while it was within the area permitted for the festival, was not being used by the festival.[1]

We declined to grant injunctive relief but did issue the following declaratory relief:

> (a) the actions of the city's agents in preventing plaintiff James Grove and Michael Marcavage from street-preaching in the areas of Riverfront Park that had been permitted for an event under the city's permit ordinance but which were not being used for the event violated their First Amendment right to free speech.
>
> (b) the enforcement of a fifty-foot buffer zone by a city police officer [defendant Carter] at the south end of the permitted area for PrideFest violated the plaintiffs' First Amendment right to free speech.

*World Wide Street Preachers' Fellowship v. Reed*, 430 F. Supp. 2d 411, 416 (M.D. Pa. 2006).

III.  *Discussion*.

42 U.S.C. § 1988 authorizes an award of attorney's fees and costs to a prevailing party in civil-rights litigation. The size of the award is calculated by multiplying an

---

[1] In earlier litigation, *Diener v. Reed,* 232 F. Supp. 2d 362, 380 (M.D. Pa. 2002), *aff'd,* 77 Fed. Appx. 601 (3d Cir. 2003) (nonprecedential), we upheld the city's practice of allowing permit holders to exclude anyone they wanted from the permitted area, even if based on the content of the person's speech.  The instant litigation differed from *Diener* in that, unlike in *Diener*, the permitted area included space not actually being used by the festival.

4

appropriate billing rate by the reasonable number of hours spent on the litigation, the so-called lodestar. *Interfaith Cmty. Org. v. Honeywell Int'l*, 426 F.3d 694, 703 n.5 (3d Cir. 2005). "A party seeking attorney's fees has the ultimate burden of showing that its requested hourly rates and the hours it claims are reasonable." *Id.* "[T]he opposing party must . . . object 'with sufficient specificity.'" *Id.* (quoting *Rode v. Dellarciprete*, 892 F.2d 1177, 1183 (3d Cir. 1990)). There are twelve factors that bear on reasonableness. *Farrar v. Hobby*, 506 U.S. 103, 115, 113 S.Ct. 566, 575, 121 L.Ed.2d 494, 505 (1992). Statutory fee litigation is adversarial, so a "district court may not 'decrease a fee award based on factors not raised at all by an adverse party.'" *See United States v. Eleven Vehicles, Their Equipment & Accessories*, 200 F.3d 203, 212 (3d Cir. 2000). In other words, a district court cannot reduce a fee award on grounds it might on its own think proper.

In attempting to meet their burden, Plaintiffs have submitted the affidavits of Leonard G. Brown III, one of Plaintiffs' lawyers, and James West, a local attorney. Brown attests to the hours worked by each of three lawyers on the case, the number of paralegal hours, and the hourly rate for each. He also describes how the hours were spent. West affirms that the lawyers' rates "are reasonable based on the skill level and expertise of the counsel involved in the litigation of this

case and the prevailing market rates for such representation." (Aff., James West, ¶¶ 7-8.)

In the fee petition, Plaintiffs seek compensation for 620.1 hours for a total fee amount of $132,420, with costs of $11,087.85, coming to a grand total of $143,500.35. Plaintiffs increased their fee request by the attorney time they spent preparing their fee-petition reply brief so that their current claim is for $146,832.85.

In opposing Plaintiffs' petition, Defendants first argue that Plaintiffs should be awarded no fees at all because Grove was only awarded $1.00 in nominal damages. In support, they cite *Farrar, supra,* where the Supreme Court upheld the denial of fees when the plaintiff was awarded only nominal damages. The Court stated that nominal damages make a plaintiff a prevailing party under section 1988, 506 U.S. at 112, 113 S.Ct. at 573, 121 L.Ed.2d at 504, but that when a plaintiff wins only nominal damages, it bears on the amount of fees to be awarded, since "'the degree of the plaintiff's overall success goes to the reasonableness of a fee award . . . .'" *Id.* at 114, 113 S.Ct. at 574, 121 L.Ed.2d at 505 (quoted case omitted). Indeed, when a plaintiff receives only nominal damages because he has failed to prove he had any compensatory injuries, "the only reasonable fee is usually no fee at all." *Id.* at 115, 113 S.Ct. at 575, 121 L.Ed.2d at 505. When a civil-rights action is brought to recover damages, the court must "'give primary

6

consideration to the amount of damages awarded as compared to the amount sought.'"  *Id.* at 114, 113 S.Ct. at 576, 121 L.Ed.2d at 505.  In an appropriate case, the court can adjust a fee request down from the lodestar to take account of partial or limited success in a civil-rights action.  *Id.*, 113 S.Ct. at 574, 121 L.Ed.2d at 505.  In such circumstances, the court need not consider the twelve factors bearing on reasonableness or multiple the hours worked by the reasonable hourly rate.  *Id.* at 115, 113 S.Ct. at 575, 121 L.Ed.2d at 505.

Accordingly, in *Farrar*, the Supreme Court affirmed the lower court's decision not to award fees when the plaintiff had sought only damages, had sought them in the amount of $17 million, but had received only $1.00 in nominal damages and little more than "'the moral satisfaction of knowing that a federal court concluded that [their] rights had been violated' in some unspecified way."  *Id.* at 114, 113 S.Ct. at 574, 121 L.Ed.2d at 505 (quoted case omitted)(brackets in *Farrar*).[2]

---

[2] The plaintiffs had claimed that the defendant had violated their due-process rights to liberty and property by conspiring with other defendants to close a school the plaintiffs operated for delinquent, disabled and disturbed teenagers.  The jury found that the defendant had deprived the plaintiffs of "a civil right" but had not caused any damages nor had he conspired with the other defendants.  *Id.* at 105-06, 113 S.Ct. at 570, 121 L.Ed.2d at 499-500.  Defendant, as lieutenant governor of Texas, had "participated in the events leading to the closing" of the school.  *Id.* at 106, 113 S.Ct. at 570, 121 L.Ed.2d at 499.

7

Plaintiffs argue that *Farrar* is distinguishable for the following reasons. First, their degree of success is far greater than Farrar's. Farrar had sought $17 million from six defendants but got only $1.00 in nominal damages from one. Here, Plaintiffs prevailed against three out of the four defendants at trial and "met every element of their cause of action." (Doc. 121, Pls.'s Reply Br. at p. 5). Unlike Farrar, they also obtained declaratory relief that opened to First Amendment activity public fora in Harrisburg that had previously been closed. Additionally, Plaintiffs' goal here was to vindicate important First Amendment rights for themselves and others, thus serving a "public goal," as noted in Justice O'Connor's concurrence in *Farrar*. *Id.* at 121-22, 113 S.Ct. at 578, 121 L.Ed.2d at 510.

Plaintiffs also rely on *Buss v. Quigg*, 91 Fed. Appx. 759 (3d Cir. 2004), a tersely worded, nonprecedential opinion. In *Buss*, the Third Circuit upheld an award of fees when the plaintiffs received only nominal damages for a Fourth Amendment violation after a Pennsylvania State Trooper entered their home attempting to execute an arrest warrant. *See Buss v. Quigg*, 2002 WL 31262060 at *1 (E.D. Pa.). The court of appeals first observed that under *Farrar* the usual fee award is no fee at all when a plaintiff receives only nominal damages after failing to prove an essential element of his damages claim. *Id.* at 761. It then noted the three factors Justice O'Connor had set forth

in her concurring opinion for determining whether to award fees in a nominal-damages case, characterizing them as follows: "the extent of relief, the significance of the legal issue on which the plaintiff prevailed, and the public purpose served by the litigation." *Id.*[3] The Third Circuit then concluded that the award of fees was proper, stating:

> The determination that Buss and her family acted rightly in defending their Fourth and Fourteenth Amendment rights is significant relief under *Farrar*. This is especially so when coupled with the legal significance of unreasonable search and seizure and the public purpose of deterring such behavior.

*Id.* The court also concluded "that the illegal entry component was a central element of Buss's claim." *Id.*

Initially, we reject Plaintiffs' contention that *Farrar* is distinguishable because they obtained declaratory relief (although seeking injunctive relief) while Farrar only sought damages, and failed to obtain those. The declaratory relief we granted was independent of Grove's claim, on which Grove received only nominal damages. Hence, *Farrar* does apply to this claim.                  As to Plaintiffs' citation to *Buss*, other courts of appeals have relied on Justice O'Connor's concurring opinion in *Farrar*, but while some have sided with *Buss* in saying that the circumstances in the instant case do not preclude an award of fees, *see Brandau v. Kansas*, 168 F.3d 1179

---

[3] Justice O'Connor had joined the opinion of the Court, thereby making it a five-member majority opinion, but filed a concurring opinion as well.

(10th Cir. 1999); *Morales v. City of San Rafael*, 96 F.3d 359, 363 (9th Cir. 1996); *Murray v. City of Onawa*, 323 F.3d 616 (8th Cir. 2003), others have decided that no fees should be awarded in circumstances similar to this case. *See Pouillon v. Little*, 326 F.3d 713 (6th Cir. 2003); *Pina v. Locascio*, 101 F.3d 235 (2d Cir. 1996); *Cartwright v. Stamper*, 7 F.3d 106 (7th Cir. 1993). It appears to depend on how each court has decided what each O'Connor factor means and how restrictively to interpret that factor. *See Barber v. T.D. Williamson, Inc.*, 254 F.3d 1223, 1230-33 (10th Cir. 2001).

*Buss* is nonprecedential, so we need not follow it. Justice O'Connor joined the opinion of the Court in *Farrar*, but as other courts have indicated, her concurring opinion does provide guidance on how to evaluate attorney's-fees motions when the plaintiff has won only nominal damages. Hence, we look to that concurring opinion. As the Fourth Circuit puts it, the first O'Connor factor is "the extent of the relief obtained." *Mercer v. Duke Univ.*, 401 F.3d 199, 204 (4th Cir. 2005). On this factor, we must "compare the amount of the damages sought to the amount awarded." *Id.* The second factor is "'the significance of the legal issue on which the plaintiff prevailed.'" *Id.* at 206 (quoting *Farrar*, 506 U.S. at 122, 113 S.Ct. 566, 121 L.Ed.2d at 510 (O'Connor, J., concurring). "This factor is concerned with the general legal importance of the issue on which the plaintiff prevailed." *Id.* The third factor

10

"is whether the litigation served a public purpose, as opposed to simply vindicating the plaintiff's individual rights." *Id.* at 207. The litigation has served a public purpose if it can reasonably be expected at least to guide others in the future. *Id.* at 207-08. Also, "[a]n award of punitive damages . . . is strong evidence that the victory served a public purpose" because in part it would act as a deterrent to others. *Cartwright, supra*, 7 F.3d at 110.

Applying the first factor here, we note Grove sought substantial compensatory damages, although he presented no specific amount to the jury, along with punitive damages. The jury awarded him only $1.00 in nominal damages. This factor thus favors the defendants since the amount sought had to have been significantly greater than the nominal damages awarded. *See Pouillon, supra*, 326 F.3d at 718 ("Significantly, Pouillon's counsel suggested that the second jury award Pouillon $10,000. Pouillon received 1/5,000 of this amount."); *Briggs v. Marshall*, 93 F.3d 355, 361 (7th Cir. 1996)(first factor weighs against fees when plaintiff sought $75,000 in compensatory damages and significant punitive damages but was awarded only $4.00 in nominal damages).

In regard to the second factor, the jury did find that defendants Barrelet and Carter violated Grove's First Amendment right to speak in a public place, an important constitutional right (as Plaintiffs correctly assert), but Grove's success on

11

this claim did not advance First Amendment law, only success on a well-recognized First Amendment right. Hence, this factor does not support an award of fees. *See Pouillon, supra*, 326 F.3d at 717 (violation of abortion protester's First Amendment right to speak on courthouse steps did not by itself justify award of fees); *McCardle v. Haddad*, 131 F.3d 43, 54 (2d Cir. 1997)(refusal to award fees was justified even if jury found a Fourth Amendment violation, distinguishing a case in part where a fee award was made because it had created "a new rule of liability"); *Johnson v. City of Aiken*, 278 F.3d 333, 338 (4th Cir. 2002)(reversing award of fees when plaintiffs' only success was nominal damages for a Fourth Amendment search of their car, noting that "[t]he success enjoyed . . . on the federal vehicle search claim is no greater than that had by the plaintiff in *Farrar*."). *Compare Mercer, supra*, 401 F.3d at 206 (second factor favored award of fees when case established a new principle of law for university athletics under Title IX).[4]

Finally, the third factor does not favor an award of fees. This case involved well-established First Amendment principles so it will not be looked to for guidance by other state actors. *Compare Mercer, supra*, 401 F.3d at 207-08. Grove also did not succeed on his claim for punitive damages so

---

[4] By way of this analysis, we do not mean "to denigrate the importance of" Grove's "vindication of" his First Amendment rights, but we must point out that a civil-rights claim under 42 U.S.C. § 1983 always involves a violation of a federal right. *See Briggs, supra*, 93 F.3d at 361.

12

there is no deterrent value to his claim.  *Cartwright, supra*, 7 F.3d at 110.

We recognize that other courts would disagree with our evaluation of the O'Connor factors.  *See Brandau, supra; Murray, supra*.  However, we believe our approach conforms with the majority's opinion in *Farrar, supra*, that when a plaintiff receives only nominal damages, "the only reasonable fee is usually no fee at all."  *Id.* at 115, 113 S.Ct. at 575, 121 L.Ed.2d at 505.  *See also Pino, supra,* 101 F.3d at 239, where the court stated: "The vast majority of civil rights litigation does not result in ground-breaking conclusions of law, and therefore, will only be appropriate candidates for fee awards if a plaintiff recovers some significant measure of damages or other meaningful relief."  On his claim, Grove recovered only nominal damages and did not achieve any other meaningful relief.  We therefore conclude that we cannot award any fees for the time spent on Grove's claim and will adjust the fee award accordingly.[5]

Our conclusion is different for the success Plaintiff had in obtaining declaratory relief, a milder alternative to the injunctive relief Plaintiffs had sought, but still significant nonmonetary relief.  Our order declared that: (1)the actions of

---

[5] In attempting to distinguish *Farrar*, Plaintiffs also argue that their goal here was to vindicate important First Amendment rights for themselves and others.  However, the subjective motivation for a lawsuit plays no role in the award of attorney's fees.  *See Mercer, supra*, 401 F.3d at 204-05.

13

the city's agents in preventing street-preaching in the areas of Riverfront Park that had been permitted for an event under the city's permit ordinance but which were not being used for the event violated the First Amendment right to free speech; and (2) the actions of a city police officer in enforcing a fifty-foot buffer zone at the festival also violated the First Amendment. Declaratory relief was significant here because of the recurring disputes the street preachers had with the city of Harrisburg and its agents.  *Compare Rhodes v. Stewart*, 488 U.S. 1, 109 S.Ct. 202, 102 L.Ed.2d 1 (1988)(prisoner plaintiffs were not prevailing parties after entry of declaratory judgment when neither was in custody at the time the judgment was entered).

We must decide how much to award in fees and costs for the declaratory-judgment aspect of the case.  Plaintiffs' itemized fee and cost statement (doc. 114, attach. 4) does not appear to allow us to separate out the time and costs properly associated with the declaratory-judgment claims, either time and costs spent directly on the claims or time and costs spent on plaintiff Grove's claim as well but properly attributable to the declaratory-judgment claims as well.

We recognize that Plaintiffs, in responding to Defendants' argument that Plaintiffs did not provide enough detail to separate out unsuccessful claims from successful claims, assert that the litigation as a whole supported all the claims and that all the claims had a common nucleus of facts and

14

common legal theories.  But that does not seem right.  The claim dealing with the unused portion of the permitted area presented a simple set of facts and appeared to need few witnesses and documentary evidence to support it.  The same is true for the buffer-zone claim, which involved only one police officer's decision.

     We will therefore invite Plaintiffs to provide an estimate of time and costs that fairly may be attributed to the declaratory-judgment claims.  Defendants will have an opportunity to respond.  If necessary, the court will estimate a reasonable fee.

     We will issue an appropriate order.

                              /s/William W. Caldwell
                              William W. Caldwell
                              United States District Judge

Date: August 25, 2006

```
             IN THE UNITED STATES DISTRICT COURT
           FOR THE MIDDLE DISTRICT OF PENNSYLVANIA
```

THE WORLD WIDE STREET          :
PREACHERS' FELLOWSHIP, et al.,
      Plaintiffs             :

                                 :
      vs.                             CIVIL NO. 1:CV-04-1127
                                 :

                                 :
STEPHEN R. REED, et al.,
      Defendants             :


                               *O R D E R*

        AND NOW, this 25th day of August, 2006, it is ordered that:

        1.  Within twenty days of the date of this order, Plaintiff shall present an itemized fee and cost statement for the fees and costs properly associated with the declaratory-judgment claims only.

        2.  Defendants shall have fifteen days thereafter to file a brief in opposition.

        3.  Plaintiffs shall have tens days from the filing of any opposition brief to file a reply brief.


                                            /s/William W. Caldwell
                                            William W. Caldwell
                                            United States District Judge